IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JENNIFER SHEPPARD**                                                                                          **PLAINTIFF**

v.                              Case No. 4:21-cv-01183-KGB

**TEXAS ROADHOUSE, INC.,**
**JONATHAN WALSH, and**
**JOHN DOE**                                                                                                        **DEFENDANTS**

## ORDER

Before the Court is plaintiff Jennifer Sheppard's motion to remand (Dkt. No. 11). Defendants Texas Roadhouse, Inc. ("Texas Roadhouse") and Jonathan Walsh filed a response and a supplement to their response (Dkt. Nos. 14–15). Also before the Court is Ms. Sheppard's unopposed motion for extension of time to add parties/amendment of pleadings (Dkt. No. 21). In addition, before the Court is defendants' unopposed motion for extension of time for discovery cut off (Dkt. No. 26).

For the following reasons, the Court denies Ms. Sheppard's motion to remand, grants Ms. Sheppard's motion for extension of time to add parties/amendment of pleadings, and defendants' unopposed motion for extension of time for discovery cut off (Dkt. Nos. 11, 21, 26).

**I.     Factual And Procedural Background**

This is a negligence action. On November 3, 2021, Ms. Sheppard filed a complaint against Texas Roadhouse, Mr. Walsh, and John Doe in the Circuit Court of Pulaski County, Arkansas (Dkt. No. 2). Ms. Sheppard alleges that she sustained personal injuries after contacting a diabetic lancet device in a booth at a Texas Roadhouse restaurant in North Little Rock, Arkansas ("the

Restaurant") on July 6, 2021[1] (*Id.*, ¶ 9–18). Ms. Sheppard alleges that she is a resident of North Little Rock, Arkansas; that Texas Roadhouse is a corporation headquartered in Louisville, Kentucky; and that Mr. Walsh is the managing partner of the Restaurant and resident of North Little Rock, Arkansas (*Id.*, ¶¶ 3–5). She seeks damages "in an amount greater than the amount of damages required for Federal Court Jurisdiction in diversity of citizenship cases," in addition to punitive damages (*Id.*, ¶ 37).

On December 7, 2021, Texas Roadhouse and Mr. Walsh removed the case to this Court (Dkt. No. 1). In their notice of removal, Texas Roadhouse and Mr. Walsh assert that this Court has subject matter jurisdiction because Mr. Walsh was improperly joined to defeat diversity jurisdiction (Dkt. No. 1, ¶¶ 2, 4, 5, 7–8).[2] They maintain that Mr. Walsh was neither the managing partner of the Restaurant nor an employee of Texas Roadhouse at the time of the alleged incident and, as a result, "there is no reasonable basis in fact or law" to support Ms. Sheppard's claims against Mr. Walsh (*Id.*, ¶ 5).

Ms. Sheppard now moves for remand to state court (Dkt. No. 11). Texas Roadhouse and Mr. Walsh responded in opposition (Dkt. Nos. 14–15). Ms. Sheppard also moves for an extension of time to add parties or amend pleadings following the Court's decision on the motion to remand

---

[1] Roadhouse and Mr. Walsh contend that the date of the alleged incident was one month earlier, June 6, 2021 (Dkt. No. 14, at 1 n.1). At this stage of litigation, in order to make a preliminary determination as to the existence of subject matter jurisdiction, the Court resolves all factual disputes in the light most favorable to Ms. Sheppard. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003).

[2] The parties use the phrase "fraudulent joinder" in their filings with the Court. *See Kansas State University v. Prince*, 673 F. Supp. 2d 1287, 1293–94 (D. Kan. 2009) (describing fraudulent joinder as "a term of art, which does not reflect on the integrity of plaintiff or counsel") (internal quotations omitted). Because the word "fraudulent" may carry a more negative connotation than is warranted, the Court will use the phrase "improper joinder" in this Order. This phrase also has the benefit of being more consistent with the statutory language than the phrase "fraudulent joinder."

(Dkt. No. 21).  Defendants move to extend the discovery deadline (Dkt. No. 26).  The Court addresses each pending motion in turn.

    **II.**    **Motion To Remand**

        **A.**    **Legal Standard**

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a state law claim to federal court only if the action originally could have been filed there.  *See* 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  The removing defendant bears the burden of showing, by a preponderance of the evidence, that federal jurisdiction exists and that removal was proper.  *See Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).  Because removal raises federalism concerns, any doubt as to the propriety of removal should be resolved in favor of remand to state court.  *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *Wilkinson v. Shackleford*, 478 F.3d 957, 963 (8th Cir. 2007).

For a party to remove a case to federal court based on diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (internal citation omitted).  Additionally, a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.  *See* 28 U.S.C. § 1441(b)(2).

If a plaintiff has improperly joined a non-diverse or in-state defendant, however, the citizenship of that defendant is disregarded for purposes of determining diversity.  *See Simpson v.*

*Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) ("[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914))). "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)); *see generally* 28 U.S.C. §§ 1441, 1446. "However, if there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (citing *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)). In predicting whether the state law might impose liability, the court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1079 (8th Cir. 2021) (quoting *Filla*, 336 F.3d at 811).

It is well-settled law that the motive for joining a resident defendant is immaterial. *See Williams v. Motel 6 Multipurpose, Inc.*, 120 F. Supp. 2d 776, 779 (E.D. Ark. 1998); *Barnes v. Sw. Bell Tel. Co.*, 596 F. Supp. 1046, 1049 (W.D. Ark. 1984); *see also Chi., R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913) (explaining that "the motive of the plaintiff, taken by itself, does not affect the right to remove," and that, "[i]f there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right" (citing *Chi. B. & Q. Ry.*

*Co. v. Willard*, 220 U.S. 413, 427 (1911), and *Ill. Cent. R. Co. v. Sheegog*, 215 U.S. 308, 316 (1909))).

In conducting the improper-joinder inquiry, "some courts examine material beyond the complaint's allegations to 'determine if there is any factual support' for the claims against the allegedly fraudulently joined defendant." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Masepohl v. Am. Tobacco Co.*, 974 F. Supp. 1245, 1250 (D. Minn. 1997)); *see also Petersen v. Rusch, Inc.*, Case No. 4:05-cv-01328-ERW, 2006 WL 83492, at *2 (E.D. Mo. Jan. 12, 2006) (collecting cases and observing that "[a]t least some district courts in this Circuit have determined that it is permissible to consider evidence outside the pleadings in determining whether a defendant has been fraudulently joined"); *accord Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) ("[F]raudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (although determination of the propriety of removal ordinarily depends only upon the plaintiff's pleadings, in the case of fraudulent joinder, the court may "go somewhat further [and the] defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir. 1990).

**B.** **Analysis**

In her motion to remand to state court, Ms. Sheppard argues that complete diversity does not exist because Mr. Walsh, like Ms. Sheppard, is a citizen of Arkansas (Dkt. No. 11). Texas Roadhouse and Mr. Walsh concede that both Ms. Sheppard and Mr. Walsh are citizens of Arkansas (Dkt. No. 14). However, Texas Roadhouse and Mr. Walsh contend that the Court should ignore

5

the in-state and non-diverse citizenship of Mr. Walsh because he was improperly joined to defeat diversity.  The Court agrees.

The Court begins its analysis with Ms. Sheppard's complaint (Dkt. No. 2).  Ms. Sheppard claims that Mr. Walsh, as managing partner of the Restaurant, had a duty to use ordinary care to maintain the Restaurant in a reasonably safe condition, and that this duty was breached because the exercise of reasonable care would have revealed the presence of the lancet device, which foreseeably could cause injury to a restaurant patron (*Id.*, ¶¶ 23–28).  Ms. Sheppard claims that, as a direct and proximate result of Mr. Walsh's negligence, the lancet punctured her finger "and caused her to have to undergo blood testing to rule out the possibility that the lancet device infected her with any illness." (*Id.*, ¶ 29).

Ms. Sheppard's negligence claim against Mr. Walsh arises under a premises-liability theory.  To prevail on a claim of negligence under Arkansas law, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries.  *Yanmar Co., Ltd. v. Slater*, 386 S.W.3d 439 (Ark. 2012) (citing *Branscumb v. Freeman*, 200 S.W.3d 411 (Ark. 2004); *Wilson v. Rebsamen Ins., Inc.*, 957 S.W.2d 678 (Ark. 1997)).  "In premises-liability claims, liability cannot attach to the defendant unless the defendant owns or occupies the property that allegedly caused the plaintiff's injury."  *Gray v. Marianna Housing Authority*, 599 S.W. 3d 337, 340 (Ark. Ct. App. 2020).

The parties have invited the Court to "pierce the pleadings" and consider other evidence to determine whether, under Arkansas law, Ms. Sheppard has a basis in fact for a valid claim against Mr. Walsh.  Ms. Sheppard submits with her motion to remand the following attachments: (1) the affidavit of service filed in state court reflecting service upon Texas Roadhouse; and (2) the

6

affidavit of service filed in state court reflecting service upon Mr. Walsh, who is alleged to be the manager of the Restaurant and a resident of North Little Rock, Arkansas (Dkt. No. 11, at 4–11). In their response to Ms. Sheppard's motion to remand, Texas Roadhouse and Mr. Walsh submit the following attachments:  (1) the Arkansas Secretary of State filing confirmation that Texas Roadhouse is a foreign entity incorporated in Delaware and headquartered in Louisville, Kentucky; (2) the affidavit of Sean Renfroe[3] stating under oath that Texas Roadhouse is neither the owner nor operator of any Texas Roadhouse restaurant nor does it employ Texas Roadhouse restaurant employees, including the Restaurant; and (3) the affidavit stating under oath that Mr. Walsh was not the managing partner of the Restaurant at the time of the alleged incident, that he did not begin working at the Restaurant until September 15, 2021, and that he did not become managing partner of the Restaurant until September 29, 2021 (Dkt. Nos. 14-1, 14-2, 14-3; 15-1).

Based on the record before it, the Court concludes that there is no reasonable basis in fact and law to support Ms. Sheppard's claim against Mr. Walsh.  *See Wiles*, 280 F.3d at 871.  According to his own affidavit, Mr. Walsh did not have any ownership in the Restaurant, work at the Restaurant, or manage or oversee any employees of the Restaurant at the time of the alleged incident (Dkt. No. 14-3, ¶¶ 4–8).  Ms. Sheppard offers no evidence to rebut the assertions in Mr. Walsh's affidavit or to show that she is capable of ever establishing that Mr. Walsh owned or controlled the Restaurant at the time of the alleged incident.  *See Gray*, 599 S.W. 3d at 340.  Because there is no reasonable basis in fact and law to support a claim against Mr. Walsh for the alleged condition of the Restaurant premises at the time of the alleged incident, the Court concludes that Mr. Walsh has been improperly joined as a defendant in this action.

---

[3] According to his affidavit, Mr. Renfroe is employed as Associate General Counsel–Corporate Transactions and Governance for Texas Roadhouse (Dkt. Nos. 14-2, 15-1).

The Court denies Ms. Sheppard's motion for remand (Dkt. No. 11). The Court dismisses without prejudice Mr. Walsh as a party to this action. Consequently, the citizenship of the parties is diverse, and the Court retains subject matter jurisdiction over Ms. Sheppard's remaining claims in this case.

### III.     Motion For Extension Of Time To Add Parties/Amendment Of Pleadings

Ms. Sheppard also filed an unopposed motion for extension of time to add parties/amendment of pleadings (Dkt. No. 21). On March 23, 2022, this Court issued a Final Scheduling Order setting as May 5, 2022, the deadline to add parties or amend pleadings (Dkt. No. 19). Ms. Sheppard asks the Court to extend the deadline for adding parties or amending the pleadings until 15 days following the Court's decision on her motion to remand (Dkt. No. 21). For good cause shown, the Court grants Ms. Sheppard's motion (*Id.*). Ms. Sheppard has 15 days from the date of this Order to file a motion for leave to add parties or amend pleadings.

### IV.     Unopposed Motion For Extension Of Time For Discovery

Also before the Court is defendants' unopposed motion for extension of time for discovery cut off (Dkt. No. 26). The motion recites that it is unopposed (*Id.*, ¶ 3). The Court grants the motion and extends the discovery deadline to October 31, 2022, which is the date consistent with the text of the motion.

### V.     Conclusion

For the foregoing reasons, the Court concludes that it has subject matter jurisdiction over this case. The Court denies Ms. Sheppard's motion to remand (Dkt. No. 11). The Court grants Ms. Sheppard's unopposed motion for extension of time to add parties/amendment of pleadings (Dkt. No. 21). Ms. Sheppard has 15 days from the entry of this Order to file a motion for leave to

add parties or amend pleadings. The Court grants defendants' unopposed motion for extension of time for discovery cut off and extends the discovery deadline to October 31, 2022 (Dkt. No. 26).

    It is so ordered this 6th day of September, 2022.

                                                                    _____
                                                                      Kristine G. Baker
                                                                      United States District Judge